IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MADERA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. CV-F-06-1336 OWW<br>(No. CR-F-03-5131 REC)<br><br>ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING ENTRY OF JUDGMENT FOR RESPONDENT |

On September 26, 2006, petitioner Edwin Madera, proceeding *in pro per*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was indicted with others with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, ten counts of distribution of methamphetamine in violation of Sections 841(a)(1) and (b)(1)(A), and one count of possession of methamphetamine with intent to distribute in violation of

Sections 841(a)(1) and (b)(1)(A). On June 7, 2004, petitioner, who was represented by Assistant Federal Defender Ann Veris, pleaded guilty pursuant to a written Plea Agreement to the conspiracy count. The plea agreement specifically provided:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or sentence (or the manner in which that sentence was determined) which is in accordance with the maximum provided [by] Title 21, United States Code, Section 841(b)(1)(A) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

Petitioner was sentenced on March 21, 2005 to 151 months imprisonment. Petitioner did not file a notice of appeal.

Petitioner asserts two grounds for relief.

Ground One is captioned "Sixth Amendment violation". Petitioner contends:

> I was enhanced for being on parole and or being out of prison for a certain amount of time, before committing the instant offense. It is a violation to sentence me to any sentence, when a jury wasn't made aware of the charge.

Petitioner asserts that he did not raise this ground on appeal because "my lawyer stated that Booker didn't apply to me."

Ground Two is captioned "ineffective assistance of counsel".

Petitioner contends:

> My attorney allowed me to waive my rights, knowing at the time of litigation that certain were applicable to me.

Petitioner asserts that he did not raise this ground on appeal because "my attorney continued to influence me to take the plea, knowing my rights was [sic] being violated, according to Booker."

In contending that the one-year statute of limitations, *see discussion infra*, does not bar this motion, petitioner asserts:

> After speaking with my attorney on numerous occasions, she stated to me I couldn't appeal. The law states different, and as soon as I found out she didn't follow procedure, I acted.

As noted, a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Given petitioner's claims, the one-year limitation commenced

in late March 2005, the date on which the judgment of conviction became final.

An untimely petition may be considered timely filed if the doctrine of equitable tolling applies.

In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

*Id.* at 1288-1289. As explained in *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003):

> The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness ... Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule.' ... [Petitioner] 'bears the burden of showing that this extraordinary exclusion should apply to him.' ... Determining whether equitable tolling is warranted is a 'fact-specific inquiry.' ....

Petitioner's explanation quoted above does not demonstrate extraordinary circumstances beyond his control that made it

impossible for him to file a timely Section 2255 motion. The alleged advice from Ms. Veris that petitioner could not do so, undoubtedly based on the waiver in the written plea agreement, did not prevent petitioner from preparing and filing a Section 2255 motion within the one-year limit.

ACCORDINGLY, as set forth above:

1. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED as time-barred.

2. The Clerk of the Court is directed to enter judgment for respondent.

IT IS SO ORDERED.

**Dated: October 3, 2006** **/s/ Oliver W. Wanger**
emm0d6 UNITED STATES DISTRICT JUDGE